326 October 2, 2024 No. 697

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS HUFF, JR.,
aka Curtis Lee Huff, aka Curtis Lee Huff Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR24799; A180100

Chanpone P. Sinlapasai, Judge.

Argued and submitted September 5, 2024.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of second-degree assault, ORS 163.175; failure to perform the duties of a driver, ORS 811.705; and reckless driving, ORS 811.140. In his sole assignment of error on appeal, he challenges an evidentiary ruling of the trial court. As explained below, we conclude that any error was harmless and, accordingly, affirm. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (we must affirm despite evidentiary error if there is "little likelihood that the error affected the jury's verdict").

Defendant was charged with various offenses based on an incident at a public park in which he hit a pedestrian with his car. Before trial, the trial court ruled on OEC 403 grounds that it would exclude from evidence certain statements that defendant made to a detective that implied that defendant was a drug dealer. However, after defendant testified at trial that he was not a drug dealer, the court agreed with the state that defendant had "opened the door" and allowed the following cross-examination:

"Q.   Now, you stated on direct with [defense counsel] that you do not buy or sell drugs. Is that right?

"A.   I don't.

"Q.   Okay. However, in that interview you stated to Detective Brown that there's a drug war going on in Dawson Park and if you're not selling you're smoking. Isn't that right?

"A.   Yes. I said that. Yes.

"Q.   You did say that. Correct?

"A.   Yes.

"Q.   And you also stated on direct that you have been clean for—

"A.   15 years.

"Q.   —something like 15 years?

"A.   Yes.

"Q.    So you are not smoking crack. Is that what you're saying?

"A.   I'm not smoking crack.

"Q.   Okay. But you're out there at Dawson Park and you're saying that it was a—

"A.   Drug war.

"Q.   —a living out there, a drug war.

"A.   Yeah.

"Q.   People are making a living by selling drugs out there?

"A.   I had to feed my family. That's what I said.

"Q.   And that you had to feed your family. That's * * * what you said, right?

"A.   Yes."

Defendant argues that it was error to allow the foregoing testimony because his statements to the detective (1) were too ambiguous to properly impeach his direct testimony, (2) related only to a collateral matter, and (3) remained inadmissible under OEC 403 despite defendant's denial of drug dealing. We conclude that, even if the trial court erred—an issue that we need not resolve—the error was harmless.

First, defendant's only argument as to harm is that the testimony at issue allowed the jury to draw the highly inflammatory inference (or, as he sees it on appeal, speculate) that defendant was a drug dealer. But Detective Brown testified without objection that, based on his conversation with defendant, he understood that defendant had been robbed in the park "[w]hile he was selling narcotics."[1] There was also evidence that defendant initially told a police officer that the victim was his friend but then offered to tell the officer the "real story," which was that the victim was a "customer," not a friend. In light of the other evidence indicating

---

[1] When asked at oral argument about the officer's testimony, defendant argued that a witness's testimony is qualitatively different from a defendant's own words. That is certainly true in general terms, but in this case the officer was relaying what he understood from *talking* to defendant. As such, the officer's testimony was also based on defendant's own words (even if not directly quoting them), making the distinction less significant. Further, defendant's testimony on cross-examination was at least somewhat ambiguous, whereas the officer's testimony was unequivocal.

that defendant was selling drugs, any error in admitting the testimony at issue was harmless.

Second, the verdict demonstrates that the jury found in defendant's favor on the only issue that was actually disputed at trial—whether defendant intentionally or knowingly caused serious physical injury to the victim, as required for him to be found guilty of first-degree assault or either of the two lesser-included-offense theories of second-degree assault. The jury acquitted defendant on the first-degree assault charge and its lesser-included offenses, which required an intentional or knowing mental state, and found him guilty on a different theory of second-degree assault that required only a reckless mental state, plus reckless driving and failure to perform the duties of a driver. Defendant's own testimony provided sufficient evidence to convict him of those crimes; in essence, he testified that, while intoxicated, he intentionally drove his car into what he described as a "packed" park, in an effort to collide with a tree, then fled the scene. And in closing argument defendant made no argument against recklessness, contesting only that he intentionally or knowingly hit a pedestrian. For that reason as well, there is little likelihood that the alleged evidentiary error affected the verdict.

Affirmed.